IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PABLO MARTINEZ,<br>TDCJ-CID NO. 1797396,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>        Respondent. | §§§§§§§§§§§§§§ | CIVIL ACTION NO. H-13-1525 |

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Pablo Martinez, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID). Having reviewed the pleadings and available state court records, the court will dismiss Martinez's habeas petition because he has failed to exhaust state court remedies as required by § 2254.

### I.  Claims and Procedural History

Martinez is serving three 25-year sentences pursuant to convictions for possession of a controlled substance. See Petition, Docket Entry No. 1, at 2. Liberally construed, Martinez's petition indicates that he was interrogated without a lawyer and without being fully and effectively advised of his

rights. See Miranda v. Arizona, 86 S. Ct. 1602 (1966). Id. at 6. Martinez was sentenced on June 26, 2012, after entering a guilty plea pursuant to a plea bargain. Id. at 2. He denies filing either an appeal of the trial court's judgment or a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. Docket Entry No. 1, pp. 2-3. He also states that he did not file an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging the convictions. Id. at 3. The records for the Texas Court of Criminal Appeals do not indicate that either a PDR or a state writ application was filed. See Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/.

## II. Analysis

Under 28 U.S.C. § 2254 a habeas petitioner must exhaust available state remedies before seeking relief in federal court. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the state's highest criminal court must have an opportunity to review the merits of the claims. Id. citing Picard v. Connor, 92 S. Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). In Texas a petitioner satisfies this requirement by properly filing a PDR with the Texas Court of Criminal Appeals or, in a post-conviction matter, by filing a state application for a

writ of habeas corpus in state district court, under TEX. CODE CRIM. PRO. art. 11.07, which forwards the application to the Court of Criminal Appeals. See Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985). The highest court must have a reasonable opportunity to consider the merits of the claims presented in a federal habeas petition. Picard, 92 S. Ct. at 512.

A district court is authorized to dismiss a federal habeas petition that reveals either on its face, or when considered with material of which court takes judicial notice, that the requirement of exhaustion of state remedies has not been satisfied. Resendez v. McKaskle, 722 F.2d 227 (5th Cir. 1984). Martinez has not satisfied the exhaustion requirement, but he may file another habeas petition in federal court after he has done so. See Strickland v. Thaler, 701 F.3d 171, 174 (5th Cir. 2012), citing In re Gasery, 116 F.3d 1051, 1052 (5th Cir. 1997). The court **ADVISES** Martinez that he is subject to a one-year statute of limitations under 28 U.S.C. § 2244(d). Accordingly, this action will be dismissed without prejudice for failure of the petitioner to present his claims to the Texas Court of Criminal Appeals as required by 28 U.S.C. § 2254.

A Certificate of Appealability (COA) will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Should Martinez file a notice of appeal, this court will deny the issuance of a COA

for the reasons stated in this Memorandum Opinion and Order. <u>See</u> <u>Whitehead v. Johnson</u>, 157 F.3d 384, 386 (5th Cir. 1998).

### III. Conclusion

The court **ORDERS** the following:

1. The Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 (Docket Entry No. 1) is **DISMISSED without prejudice** for failure to exhaust state court remedies.

2. A Certificate of Appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 5th day of July, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE